-PS_O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDGARDO MALDONADO,

     Plaintiff,

                  DECISION AND ORDER
   -v-              05-CV-0264A

DAVID PETER, STEVE GREENE,
DENNIS GREENE, ROSA AMELIA GONZALES,
ANGEL LUIS QUIROS, JEFFREY A. LAZROE,
ELLIS GOMEZ, FAVIOLA RIOTT, NIA GARCIA,
JOANNE WALSH, CHILDREN HOSPITAL,
ROCCO DIINA and THE OFFICE OF THE
DISTRICT ATTORNEY, Buffalo, New York,

     Defendants.

_____

## INTRODUCTION

   Plaintiff, Edgardo Maldonado, a *pro se* frequent filer who has filed a number of

cases in this Court[1] and the United States District Court for the District of Columbia, initially

filed the instant complaint and application to proceed *in forma pauperis* in the United States

District Court for the District of Columbia alleging, as this Court can best discern, that he

_____

[1] The following cases have been filed in or transferred to this Court and dismissed either *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) or on motion to dismiss: *Maldonado v. Peters, et al*, 03-CV-0392A; *Maldonado v. N.Y. Compensation, et al*, 03-CV-0421A, *Maldonado v. Social Security*, 03-CV-0681S; *Maldonado v. Hagen*, 03-CV-0703A; *Maldonado v. Todtenhagen*, 05-CV-0141A; *Maldonado v. State of New York Workers Comp Board*, 05-CV-0211A.  The following cases have been filed recently and are awaiting initial review by the Court: *Maldonado v. Todtenhagen*, 05-CV-0276A; *Maldonado v. Barnhart*, 05-CV-0471A; *Maldonado v. Peters et al*, 05-CV-0556A; *Maldonado v. Todtenhagen*; 05-CV-0632A; *Maldonado v. State of New York Worker's Comp Board*; 05-CV-0721A.  Most of the recently filed cases are simply re-filings of cases previously dismissed: *Maldonado v. N.Y. Compensation, et al*, 03-CV-0421A, *Maldonado v. State of New York Workers Comp Board*, 05-CV-0211A, and *Maldonado v. State of New York Worker's Comp Board*, 05-CV-0721A; *Maldonado v. Peters, et al*, 03-CV-0392A, *Maldonado v. Peters et al*, 05-CV-0556A, and this matter (05-CV-0264A); *Maldonado v. Social Security*, 03-CV-0681S, and *Maldonado v. Barnhart*, 05-CV-0471A; *Maldonado v. Todtenhagen*, 05-CV-0141A, *Maldonado v. Todtenhagen*, 05-CV-0276A, and *Maldonado v. Todtenhagen*; 05-CV-0632A.

was falsely accused of or believed to be a drug dealer and that, as a result, he and his pregnant girlfriend were thrown out of their apartment, had to spend two nights sleeping in the hallway of the apartment building and his girlfriend lost the unborn child. When he was allowed back in the apartment he discovered that there was carbon monoxide in the apartment. He alleges that the combination of being confused with a drug dealer, being thrown out of the apartment and the carbon monoxide poisoning caused the loss of his girlfriend's unborn child. The complaint does not in any way allege what each of the defendants did or failed to do in relation to the allegations made. The District of Columbia granted plaintiff permission to proceed as a poor person and transferred this action here pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they are predicated on indisputably baseless legal theories and have been previously raised and dismissed by this Court. *See Maldonado v. Peters, et al*, 03-CV-00392.

2

Although it is clear from plaintiff's complaint that he believes various rights guaranteed him by state and federal law have been violated, it is impossible to determine from the papers the nature of those violations or the involvement of the named defendants in the various alleged violations.

The same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28 (citations omitted).

> [T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. ... [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

3

> incredible, whether or not there are judicially noticeable facts
> available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327).

Without summarizing all the allegations of the complaint, which in essence are that the defendants falsely believed he was a drug dealer, threw him out of his apartment, and caused carbon monoxide poisoning in his apartment and, that as a result, his girlfriend's unborn child died, plaintiff's claims are the type of "fantastic" or "delusional" allegations that warrant dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as factually frivolous. Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case.

Additionally, "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915[e] as malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (quoting *Robinson v. Woodfork*, 834 F.2d 1023 (5th Cir. 1987)). This Court has previously dismissed a complaint in which plaintiff raised the same allegations, *Maldonado v. Peters, et al*, 03-CV-00392, and this action is nothing more than an attempt to relitigate those same claims. Plaintiff's repetitive and identical claims are clearly subject to the defenses of *res judicata* and collateral estoppel. *See Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (citing *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999)).

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a).  Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:      DEC. 5            , 2005
            Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge